# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1101
Filed January 28, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Michael Dunn,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Des Moines County,
The Honorable Jennifer S. Bailey, Judge.

---

**AFFIRMED**

---

John J. Bishop, Cedar Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Tabor, C.J., and Ahlers and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Michael Dunn was convicted of possession of marijuana—a serious misdemeanor—after a trial on the minutes of testimony. In June 2024, the district court sentenced him to thirty days in jail, with all but two days suspended and credit for time served, placed Dunn on probation for one year, and imposed a fine of $250. A few minutes after the sentencing hearing—and about an hour before filing the written judgment and sentence—the court issued a notice of firearm prohibition under Iowa Code section 724.31A (2024),[1] which informed Dunn, in part:

> Pursuant to I.C. 724.31A, the court hereby notifies the party named above that, in the case number indicated above, the court issued an order or judgment by which the party named above lost firearm rights because the party named above met one or more of the following criteria [*Judge: check applicable criteria*]:
>
>     * Unlawful drug user or addict [I.C. 724.8(6) and 18 USC 922(g)(3)].

(Bracketed text in original). Nothing else in the notice or the separate written judgment and sentence imposes any specific prohibition on Dunn possessing firearms.

Dunn appeals, claiming that he "is appealing a final judgment of sentence" but challenges only the separate notice of firearm prohibition. He argues that his conviction does not prohibit him from shipping, transporting, possessing, or receiving a firearm under federal law. And alternatively, he claims that imposing such a prohibition on him for his marijuana-possession conviction would violate his rights under the Second Amendment of the United States Constitution and article I, section 1A of the Iowa Constitution.

---

[1] After Dunn's sentencing, section 724.31A was repealed effective July 1, 2025. *See* 2025 Iowa Acts ch. 104, § 2.

Trouble is, the notice of firearm prohibition "does not have any independent force"—it merely informs Dunn "that he is subject to other statutory provisions." *State v. Kieffer*, 17 N.W.3d 651, 663 n.3 (Iowa 2025). Nothing in the notice itself or the rest of the written judgment and sentence prohibits Dunn from possessing a firearm or exposes Dunn to contempt in this case if he possessed firearms in the future—unlike the express firearm prohibitions previously found to be terms of a sentence. *See id.* (holding that an express firearm prohibition in a no-contact order, which was extended in the written sentencing order, was a term of the sentence); *State v. Neuhaus*, No. 24-0121, 2025 WL 1823979, at *4 (Iowa Ct. App. July 2, 2025) (same); *State v. Divine*, No. 23-1955, 2025 WL 3165710, at *2 n.6 (Iowa Ct. App. Nov. 13, 2025) (same).

So this notice of firearm prohibition, like other similar ones, "is not a term of [Dunn's] sentence properly before us on direct appeal." *State v. Smith*, 17 N.W.3d 355, 364 (Iowa 2025); *see also State v. Downing*, No. 24-0908, 2025 WL 1824650, at *1 (Iowa Ct. App. July 2, 2025). And thus, we cannot reach the merits of Dunn's statutory or constitutional challenges. *See id.* Because Dunn does not otherwise challenge his sentence, we affirm.

**AFFIRMED.**